NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                  :

ERNEST JOYNER,                :

                           :  Civil Action No. 14-6303 (RMB)

          Petitioner,    :

                           :

          v.               :  **MEMORANDUM OPINION AND ORDER**

                           :

UNITED STATES OF AMERICA,   :

                           :

          Respondent.    :
_____:

**BUMB**, District Judge:

This matter comes before the Court upon the Clerk's receipt of Petitioner's submission titled, "Motion for Relief from a Judgment or Order Pursuant to Fed. R. Civ. P. 60(b)(5)(6)." Docket Entry No. 1. The submission, being a formidable 199-page application, is – in every substantive respect – an attack on Petitioner's penal sentence handed down by the District of Columbia Superior Court ("DC Trial Court").[1]  See id.

After extensively elaborating on the bases for his attack, Petitioner states that he is seeking this Court's order directing either a vacatur of his penal conviction or an evidentiary hearing before the DC Trial Court so that DC Trial Court would

---

[1]  Petitioner's submission: (a) details substantive and procedural aspects of his litigation efforts before the DC Trial Court and the District of Columbia Court of Appeals ("DC Appellate Court"); and (b) raises a panoply of challenges to the trial stage of his criminal prosecution. See Docket Entry No. 1.

reassess Petitioner's penal conviction after holding such a hearing.[2]  See id.  In sum, the submission at bar aims to operate as a Section 2254 habeas petition; and that is why the Clerk, understandably, docketed it as a § 2254 pleading.[3]

Generally, a § 2254 matter – if incorrectly venued – could be transferred to the proper federal trial-level court.  Here, it would be the United States District Court for the District of Columbia ("DC Federal Trial-Level Court") because Petitioner's § 2254 claims should be raised in that forum (since all events surrounding his claims occurred in the DC Trial Court, and all records of Petitioner's state court conviction, transcripts of proceedings, witnesses, counsel, etc. are also on file with the DC Trial Court).  See 28 U.S.C. § 1404(a).[4]

---

[2] This Court is not in the position to direct the DC Trial Court to do anything, be it to hold an evidentiary hearing or conduct a reassessment, or perform any other action.  The power to direct such actions is vested, solely and exclusively, in the DC Appellate Court.

[3] Petitioner, being incarcerated under the laws of the District of Columbia, is deemed a state prisoner, even though his housing arrangements are made by the federal Bureau of Prisons which mainly services federal inmates.  See Robinson v. Reilly, 340 F. App'x 772, 773 (3d Cir. 2009) (citing Madley v. United States Parole Comm'n, 278 F.3d 1306, 1309 (D.C. Cir. 2002)).

[4] Section 1404(a) governs the transfer of civil actions between federal district courts.  Such a transfer is appropriate "[f]or the convenience of parties and witnesses, [and] in the interest of justice," to any district where the action may have properly been initiated.  Id.  Petitions for habeas corpus are civil actions that are subject to transfer according to Section 1404.  In re Nwanze, 242 F.3d 521, 526 n.2 (3d Cir. 2001); see also Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004).

However, in the instant matter, such transfer would not be in the interests of justice because Petitioner made an express effort to avoid having his submission construed as a § 2254 petition.  Apparently realizing that his submission could be transferred to the DC Federal Trial-Level Court if construed as a § 2254 action, Petitioner styled his submission as a Rule 60 motion.[5]

Unfortunately, Petitioner's attempt to escape jurisdiction of the DC federal courts (and the gate-keeping requirements of Section 2254) by invoking Rule 60 is wholly unavailing.  No federal court, including this Court, may exercise subject matter jurisdiction over a self-standing motion: the courts may exercise jurisdiction only over "actions" that arise from the litigants' filings of jurisdiction-enabling *pleadings*, such as habeas petitions, civil complaints, etc.  In other words, once a jurisdiction-vesting pleading is filed, and the action is properly commenced, the court may address the parties' motions that come about in the process of litigating that pleading.

---

[5]  Since Petitioner's original § 2254 habeas petition was dismissed by the DC Federal Trial-Level Court half a decade ago, and that dismissal was affirmed by the United States Court of Appeals for the District of Columbia Circuit ("DC Federal Appellate Court") more than four years ago, see Joyner v. O'Brien, 2010 U.S. App. LEXIS 20874 (D.C. Cir. Oct. 5, 2010), cert. denied, 131 S. Ct. 2944 (2011), the submission at bar would be a second/successive § 2254 petition which Petitioner cannot have entertained by the DC Federal Trial-Level Court without first obtaining leave from the DC Federal Appellate Court.

In contrast, a self-standing motion, unmoored to a valid initial pleading, cannot vest the court with the needed subject matter jurisdiction.  See Cook v. United States, 2013 U.S. Dist. LEXIS 68977 (D.N.J. May 15, 2013); Caldwell v. Shartle, 2013 U.S. Dist. LEXIS 30718 (D.N.J. Mar. 6, 2013).  Correspondingly, if this Court were to construe Petitioner's submission as a § 60 motion, i.e., as it is designated on its face, this Court would be constrained to dismiss Petitioner's submission for lack of subject matter jurisdiction.

The foregoing analysis brings this Court back to the starting point, i.e., to the conclusion that the submission at bar aims to operate as a Section 2254 habeas petition, as docketed by the Clerk.  But, since Petitioner cannot file a § 2254 petition with the DC Federal Trial-Level Court without leave from the DR Federal Appellate Court, the only viable construction of Petitioner's submission at bar could be that it is a de facto application seeking such leave from the DC Federal Appellate Court.

This conclusion, in turn, allows this Court to transfer the submission at bar to the DC Federal Appellate Court under § 1404(a).  However, in light of the unambiguous statements made by the DC Federal Appellate Court as to non-curable procedural and substantive deficiencies of Petitioner's original § 2254 petition, see Joyner v. O'Brien, 2010 U.S. App. LEXIS 20874, such

4

construction and transfer to the DC Federal Appellate Court do
not appear to be in the interests of justice.  In light of the
foregoing, this Court will dismiss Petitioner's submission.[6]

IT IS, therefore, on this **6th** day of **February** **2015**,

**ORDERED** that the Petition, Docket Entry No. 1, is dismissed;
and it is further

**ORDERED** that, to the extent Docket Entry No. 1 was meant to
operate as a self-standing motion, it is dismissed for lack of
subject-matter jurisdiction; and it is further

**ORDERED** that, to the extent Docket Entry No. 1 was meant to
operate as an application seeking leave from the United States
Court of Appeals for the District of Columbia Circuit to file
second/successive Section 2254 petition with the United States
District Court for the District of Columbia, it is dismissed as
improperly filed.  Said dismissal is without prejudice to
Petitioner's filing an appropriate application with the United
States Court of Appeals for the District of Columbia Circuit on
Petitioner's own, if Petitioner so desires; and it is further

---

[6]   The Court, however, stresses that the Court's election
not to transfer Petitioner's submission to the DC Federal
Appellate Court does not prevent Petitioner from seeking the
required leave from the DC Federal Appellate Court on
Petitioner's own.  No statement in this Memorandum Opinion and
Order shall be construed as expressing this Court's position as
to validity or invalidity of such request, if filed.

**ORDERED** that the Clerk shall administratively terminate this

matter; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion

and Order upon Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**