UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Ernest Joyner, | : |
| Petitioner, | : Civ. Action No. 14-6303 (RMB) |
| v. | : **OPINION** |
| United States of America, | : |
| Respondent. | : |

**BUMB**, District Judge

I. BACKGROUND

This matter comes before the Court upon Petitioner's submission of a motion for reconsideration from a judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 3.) Petitioner seeks reconsideration of this Court's Order dated February 6, 2015 (ECF No. 2.), dismissing Petitioner's Rule 60(b) motion (ECF No. 1), for lack of subject-matter jurisdiction or alternatively as improperly filed outside the U.S. Court of Appeals for the District of Columbia. Petitioner seeks to challenge his murder conviction that occurred in the District of Columbia in 1997.

**II. ANALYSIS**

"A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Johnson v. Diamond State Port. Corp., 50 F.App'x 554, 560 (3d Cir. 2002) (per curiam) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The first two bases for reconsideration are not present here. Petitioner's claim is based on the need to correct a clear error of law. (ECF No. 3 at 4.)

In his motion for reconsideration, Petitioner contends this Court may vacate the judgment of another District Court under the catch-all provision of Federal Rule of Civil Procedure 60(b)(6). (ECF No. 3 at 5.) Petitioner argues this Court should assert jurisdiction over his Federal Rule of Civil Procedure 60(b)(6) motion based on "the failure of the D.C. Courts to adjudicate 'on the defect in the integrity of the initial collateral review proceeding,' the refusal to review the petitioner's claims on the merits, and to prevent a "fundamental miscarriage of justice." (Id. citing Budget Blinds Inc. v. White, 536 F.3d 244 (3d Cir. 2008)).

In Budget Blinds, the Third Circuit stated:

> when a registering court considers the judgment of a different district court, the use of Rule 60(b)(6) to vacate another court's judgment implicates an additional interest in comity, even if the judgment was a default judgment. If the circumstances of a case are not sufficiently "extraordinary" to outweigh the interest in the finality of judgments, then it follows that the circumstances cannot outweigh the interest in finality combined with the interest in comity. We have explained that a showing of extraordinary circumstances involves a showing that without relief from the judgment, "an 'extreme' and 'unexpected' hardship will result." *Mayberry [v. Maroney]*, 558 F.2d [1159] at 1163 [3d. Cir. 1977]. This "hardship" requirement may sometimes be satisfied when the judgment "precluded an adjudication on the merits." <u>*Boughner v. Sec'y of Health, Educ. & Welfare*</u>, 572 F.2d 976, 978 (3d Cir.1978). But extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices. *See*, *e.g.*, *Coltec [Industries Inc. v. Hobgood]*, 280 F.3d 262]at 274 [3d Cir. 2002] ("[C]ourts have not looked favorably on the entreaties of parties trying to escape the consequences of their own 'counseled and knowledgeable' decisions."); *see also Ackermann [v. United States]*, 340 U.S. [193] at 198–99, 71 S.Ct. 209 [1950] (petitioner could not show the existence of extraordinary circumstances when he voluntarily chose not to appeal due to the modest expenses that an appeal would require).

536 F.3d at 255 (footnote omitted).

Petitioner also relies on <u>Cox v. Horn</u>, 757 F.3d 113 (3d. Cir. 2014), asserting that the holding of the Supreme Court in <u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (2012) "together with other

3

factors on a case-by-case basis - - could justify 60(b) relief. . ."  (ECF No. 3 at 6.)

In Martinez v. Ryan, the Supreme Court held that ineffective assistance of counsel at the initial collateral review proceeding may establish cause for a prisoner's procedural default of an ineffective assistance of trial counsel claim. 132 S.Ct. 1309, 1315 (2012). Thus, under Martinez, Petitioner contends that his *appellate* counsel deprived him of the opportunity to raise a valid and meritorious issue in the initial collateral review proceeding. (ECF No. 3 at 6.) He asserts the record was insufficient for the D.C. courts to address the evidence of trial counsel's conflict of interest. (Id.)

Petitioner's reliance on Martinez is misplaced. Martinez applies when a state collateral review scheme prevents a petitioner from raising an ineffective assistance of trial counsel claim on direct review, and instead allows him to raise such a claim for the first time in a collateral proceeding. Martinez, 132 S.Ct at 1315. Under those circumstances, ineffective assistance of counsel in the initial collateral review proceeding may establish cause to excuse procedural default of an ineffective assistance of trial counsel claim. Id. In the District of Columbia, a petitioner can raise an

ineffective assistance of counsel claim on direct appeal. Richardson v. United States, 999 F.Supp.2d 44, 29 (D.D.C. 2013).

Here, Petitioner alleged the D.C. courts failed to "adjudicate on the defect in the integrity of the initial collateral review proceeding," and refused to review the petitioner's claims on the merits. (ECF No. 3 at 6.) The Court takes judicial notice of Petitioner's habeas proceeding in the District of Columbia, brought under 28 U.S.C. § 2241.

First, the court noted that Petitioner expressly stated he was not asserting a claim of ineffective assistance of appellate counsel. Joyner v. O'Brien, Civil Action No. 09-913 (JDB), 2010 WL 199781, at *1 n. 1 (D.D.C. Jan. 15, 2010). This is significant because the D.C. Code provision[1] that otherwise rendered Petitioner's habeas claim procedurally defaulted did not apply to bar ineffective assistance of appellate counsel

---

[1] D.C. Code § 23-110(g) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

claims. (Id.) In other words, Petitioner chose not to make the claim he now asserts.

On appeal of the district court's denial of his habeas claim, the D.C. Circuit held:

> Joyner may not challenge his District of Columbia convictions in federal court unless his remedy under D.C.Code § 23-110 is inadequate or ineffective, and the district court correctly held that Joyner had not shown that that remedy was inadequate or ineffective. In this regard, we note that Joyner claims ineffective assistance of trial counsel, not appellate counsel, that the District of Columbia courts reached the merits of his claims, and that mere denial of relief does not render the local remedy inadequate or ineffective.

Joyner v. O'Brien, No. 10-5083, 2010 WL 5558285, at *1 (D.C. Cir. Oct. 5, 2010). Petitioner made a deliberate choice not to raise the ineffective assistance of appellate counsel claim in the District of Columbia. This fact weighs against this Court exercising jurisdiction over Petitioner's Rule 60(b)(6) motion challenging the judgment entered by the D.C. Court.

Second, "[i]t is appropriate for a district court, when ruling on a Rule 60(b)(6) motion where the merits of the ineffective assistance claim were never considered prior to judgment, to assess the merits of that claim." Cox, 757 F.3d at 124. Petitioner alleges he suffers from a fundamental miscarriage of justice because his ineffective assistance of

6

trial counsel claim "became lost outside of the four corners of the record." (ECF No. 3 at 6.)

The Court takes judicial notice of the decision on Petitioner's direct appeal. Joyner v. United States, 818 A.2d 166, 174 (D.C. 2002) cert. denied 541 U.S. 1005 (Apr. 19, 2004). There, the Court held:

> We . . . consider whether trial counsel's performance was deficient and whether that deficiency prejudiced the defendant. . . In the present case, the trial court requested that the government respond to appellant's discovery request regarding [trial counsel's] alleged drug use and psychiatric problems during her representation of appellant at trial in 1997. After considering the government's reasoning that the drug usage and psychiatric problems occurred well after trial, in 1999, and the lack of evidence presented by appellant demonstrating that trial counsel was deficient, the court ruled it would "not permit [appellant] to delve into the irrelevant question of trial counsel's alleged drug problem." We agree that no hearing was necessary where the basis of appellant's argument rested solely on allegations of [trial counsel's] drug use and psychiatric treatment in 1999, and where appellant failed to point to any particular examples of alleged deficient representation by his counsel which prejudiced the outcome of his trial.

(internal citations and footnotes omitted).

A petitioner cannot succeed on an ineffective assistance of trial counsel claim without showing that counsel's deficient performance prejudiced the result of the proceeding. See

7

Strickland v. Washington, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") The D.C. courts considered the merits of the prejudice prong of Petitioner's ineffective assistance of counsel claim and found no prejudice. Therefore, the merits of Petitioner's ineffective assistance of trial counsel claim weighs against asserting jurisdiction over Petitioner's Rule 60(b)(6) motion.

**III. CONCLUSION**

This Court does not find extraordinary circumstances justifying exercise of jurisdiction under Rule 60(b)(6). As discussed above, Petitioner did not raise his ineffective assistance of appellate counsel claim in the court that rendered judgment against him, and he was not precluded from doing so. Additionally, Petitioner's ineffective assistance of trial counsel claim has little merit because he is unlikely to show prejudice by trial counsel's alleged error. Therefore, Petitioner's motion for reconsideration will be denied.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: August 25, 2015